FILED
CLERK
1/11/2021 1:09 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TIMOTHY DIRESTA,

                Plaintiff,

    -against-

BIZ2CREDIT INC., SHUJAH A. AWAN,

                Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
20-CV-5032 (JMA) (AKT)

**AZRACK, United States District Judge:**

Pro se plaintiff, Timothy DiResta ("Plaintiff")[1], brings this action pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634 ("ADEA") against Biz2Credit Inc. and Shujah A. Awan ("defendants"). For the reasons that follow, this action is transferred to the United States District Court for the Southern District of New York.

Under the general venue provision:

> a civil action may be brought in - - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, the defendants are located at 1 Penn Plaza, 45th Floor, New York, New York, and the events giving rise to Plaintiff's claims are alleged to have occurred at that address. New York County is within the Southern District of New York. See 28 U.S.C. § 112(b). Under 28 U.S.C. § 1391(b)(1)-(2), venue is therefore proper in the Southern District of New York.

---

[1] Though he is proceeding here pro se, the Court notes that Plaintiff is an attorney admitted to practice in this Court.

Accordingly, rather than dismiss the complaint for improper venue, the Court, in the interest of justice, transfers this action pursuant § 1406(a) to the United States District Court for the Southern District of New York.  See 28 U.S.C. § 1406(a) (stating that a district court may transfer a case filed in the wrong district "to any district . . . in which it could have been brought"); see also Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court.").  Specifically, there appears to be no connection whatsoever to the Eastern District of New York other than Plaintiff's residence in Nassau County given that the events giving rise to Plaintiff's claims stem from his application for employment within the Southern District of New York.  28 U.S.C. § 112(b).

Accordingly, the Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of New York under Section 1406(a).  The Clerk of the Court is further directed to mail a copy of this Order to Plaintiff and to mark this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**
Dated: January 11, 2021
Central Islip, New York

                            /s/(JMA)
                         JOAN M. AZRACK
                         UNITED STATES DISTRICT JUDGE